RANDOLPH, Justice,
concurring in part and dissenting in part.
¶ 12. I agree with the majority opinion wherein it repeats the reciprocal finding that the Barry was involved in conduct involving dishonesty, fraud, deceit or misrepresentation, brought an action without a good faith basis for doing so, made statements of material facts or law to a tribunal which he knew or reasonably should have known were violations, engaged in conduct that was prejudicial to the administration of justice, engaged in conduct which tended to defeat the administration of justice or to bring the courts or legal profession into disrepute, asserted a position on behalf of a client when he knew or reasonably should have know that such action would serve merely to harass or maliciously injure another, and made a statement of material fact to a third person which he knew or reasonably should have known was false.
¶ 13. Based on these findings by the Illinois Court, it is my opinion that the nine-month suspension from the practice of law is insufficient. At a minimum, Barry should be suspended for a period of eighteen months. Likewise, per Rule 12 of the Rules of Discipline, good cause exists to require that Barry take the Multi-State Professional Responsibility Exam before being reinstated. See Rules of Discipline (12.5).
¶ 14. For these reasons, I respectfully dissent.
COBB, P.J., JOINS THIS OPINION.